J-S46021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
MICHAEL BIENERT   :
  :
Appellant   :   No. 198 WDA 2023

Appeal from the Judgment of Sentence Entered January 6, 2023
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000174-2022

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:         **FILED: February 13, 2024**

Michael Bienert (Appellant) appeals from the judgment of sentence imposed following his guilty plea to ten counts of sexual abuse of children,[1] based on his possession of child pornography. After review, we affirm.

On September 12, 2022, Appellant pled guilty to ten counts of sexual abuse of children, graded as second-degree felonies. As part of the plea, Appellant acknowledged possessing ten images of child pornography, which included depictions of children under the age of 10 or who were prepubescent. N.T., 9/12/22, at 24. The parties did not agree on a specific sentence. Instead, the Commonwealth agreed to recommend concurrent sentences. *Id.* at 3-4. The parties also discussed the registration periods Appellant would be

---

[1] 18 Pa.C.S.A. § 6312(d).

subject to under the Sexual Offender Registration and Notification Act (SORNA), either as a Tier 1 offender or as a sexually violent predator (SVP).[2] *Id.* at 4.

On the same day of Appellant's plea, the trial court ordered completion of a pre-sentence investigation report (PSI). The trial court also directed the Sexual Offenders Assessment Board (SOAB) to assess whether Appellant meets the criteria for classification as an SVP. The SOAB subsequently opined Appellant was not an SVP. On January 6, 2023, the trial court sentenced Appellant to concurrent prison terms of 3-10 years, with credit for time served. The court also notified Appellant of his 15-year sex offender registration and reporting requirements as a Tier I offender under SORNA.

Appellant filed a timely post-sentence motion to reconsider his sentence, emphasizing it excessively deviated from the aggravated range of the sentencing guidelines. Appellant also sought to withdraw his guilty plea and proceed to trial. Finally, Appellant requested a stay of his SORNA registration requirements pending the Pennsylvania Supreme Court's review of **Commonwealth v. Torsilieri**, Chester County No. 1570 CR 2016 (Pa. Com. Pl. Crim. Div. Chester County, Aug. 23, 2022) (decision following remand from

---

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

*Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020)).[3]  After a hearing,[4]

the trial court denied Appellant's post-sentence motion.  This timely appeal

followed.  Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

I. Whether the trial court abused its discretion in imposing an aggregate aggravated range sentence of three (3) to ten (10) years of incarceration in a state prison by failing to appropriately take into consideration mitigating factors such as Appellant's advanced age and prior record score of one (1) from an aged conviction in 1976, by exhibiting bias, ill will and prejudice that is so manifestly excessive and excessively punitive in nature, and by imposing a sentence that violates the protections provided against cruel punishment pursuant to the Eighth Amendment of the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution?

II. Whether t[he] trial [court] committed err[or] by denying Appellant's request that the application of SORNA requirements be stayed pending appellate review of the decision of the Honorable Allison Bell Royer in [] *Torsilieri*?

Appellant's Brief at 7-8 (capitalization altered).

Appellant first challenges the discretionary aspects of his sentence,[5] *see*

*id.* at 15-24, from which there is no automatic right to appeal.

---

[3] Succinctly, *Torsilieri* challenges the constitutionality of SORNA's registration and notification requirements.  We discuss *Torsilieri* further *infra*.

[4] Appellant abandoned his motion to withdraw guilty plea during the post-sentence hearing.  N.T., 2/9/23, at 2.

[5] Because the parties did not bargain for a specific sentence when negotiating Appellant's guilty plea, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal.  *Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant
*(Footnote Continued Next Page)*

***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010).

Instead, an appellant challenging the discretionary aspects of his sentence

must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some

citations omitted).

Appellant filed a timely notice of appeal, preserved this claim in his post-

sentence motion, and included in his brief a separate Pa.R.A.P. 2119(f)

statement. **See** Appellant's Brief at 14. Additionally, Appellant's claim that

the trial court imposed a manifestly excessive sentence, beyond the

sentencing guidelines, and without proper consideration of mitigating factors,

raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d

763, 770 (Pa. Super. 2015) (*en banc*) ("[A]n excessive sentence claim—in

conjunction with an assertion that the [trial] court failed to consider mitigating

factors—raises a substantial question." (citation omitted)); **see also**

***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001) ("A claim that

---

could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence, but did not include a sentencing agreement).

the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review."). We therefore turn to the merits of Appellant's claim.

The standard by which we review a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Salter*, 290 A.3d 741, 748 (Pa. Super. 2023) (citation omitted).

The Sentencing Code requires the trial court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines. *See id.*; *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines….").

"In every case in which the court imposes a sentence for a felony … the court shall make as a part of the record, and disclose in open court at the time

- 5 -

of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). In considering these factors, "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted).

During the sentencing hearing, the parties agreed that Appellant's prior record score is 1, and the offense gravity score for sexual abuse of children is 7. N.T., 1/6/23, at 19-20. The sentencing guidelines recommend a minimum sentence of 9-16 months in prison, plus or minus 6 months for aggravating or mitigating circumstances. 204 Pa. Code § 303.16(a). Thus, Appellant's sentences of 3-10 years in prison are beyond the aggravated range of the sentencing guidelines.

A sentencing court may deviate from the sentencing guidelines so long as it explains its reasons for doing so on the record. *See Commonwealth v. Garcia-Rivera*, 938 A.2d 777, 780 (Pa. Super. 2009). "[T]he guidelines have no binding effect, in that they do not predominate over individualized sentencing factors…." *Commonwealth v. Holiday*, 954 A.2d 6, 11 (Pa. Super. 2008). When a court imposes a sentence outside the sentencing guidelines, we consider whether the sentence is unreasonable. *See id.*

Here, the Commonwealth requested a standard-range sentence. N.T., 1/6/23, at 20. However, the Commonwealth also pointed to statements Appellant made during his PSI interview that "push back against [Appellant] accepting responsibility to some extent." *Id.* at 21. Defense counsel requested a standard- or mitigated-range sentence, citing the possibility that Appellant would face deportation. *Id.* at 23; *see also id.* at 24 (stating that Appellant was born in Germany but has not lived there since he was a child). Defense counsel also noted that Appellant was 73 years old, and Appellant's only prior offense was several decades old. *Id.* at 24.

In imposing a sentence beyond the sentencing guidelines, the trial court explained as follows:

> I do have the guidelines range of 9 to 16 [months], plus or minus 6. When I reviewed the PSI, … the big things that stuck out here from the PSI are from the [Appellant's] version of the events.
>
> ….
>
> [Appellant's] version and his statements in the PSI are pretty alarming. … So, the main part here I'm not going to read all of it. But he states that: … *I grew up in Europe. Obviously in Germany where sex is not a problem. And is expressed differently than it is in America. No one in Europe is in the closet about their sexuality. I believe and follow the* [Freikörperkultur *(FKK)*]*, also known[] as the free baldy culture, which is anyone who does not, [is] not ashamed of being nude. An example of that is nudist beaches where everyone is completely naked … and isn't ashamed to be seen. I found on the Internet pictures from the FKK and all countries. I would look up images every couple of weeks. So, it wasn't a daily thing that I was obsessed with.*
>
> Here's where the statements become very alarming for this court. [Appellant] states[,] … *the images I would look up were*

- 7 -

*simple pictures that I found on Bin.dot of nudist colonies that were only of frontal nudes, nothing crazy*.

Now, the problem is the description of these images being nothing crazy is hard for this court to accept because these are children under the age of 10 years old. He goes on to say he's not interested in seeing kids on kids which I assume for him to mean … performing sexual acts on one another, or adults on kids, just frontal nudes of anyone male, female, or child.

That's highly problematic here. The next sentence is: *I do not see anything wrong with this since it was simply on the Internet and easy to access.* He … goes on to say: *I also … don't think I deserve to be in jail because I was a good citizen in America and caused no one any harm.*

So the … elephant in the room here is that [Appellant] … is convicted now of looking up child pornography of kids less than 10 years of age is saying in the PSI, he doesn't think there's anything wrong with it.

And I have a high degree of concern that [Appellant is] going to recidivate. He's just going to re-offend, and pretty quickly I would think.

*Id.* at 27-30 (some capitalization and paragraph breaks altered; italics added).

The trial court acknowledged Appellant's guilty plea but voiced doubts about whether Appellant truly accepted responsibility. *Id.* at 30-31; *see also id.* at 31 ("Because even though [Appellant] is saying that he's sorry this happened, I think he's more sorry that he spent time in jail on it."). Further, the trial court explained a standard-range sentence would not be appropriate because "it's one of the few cases where I have a [d]efendant who is essentially telling me he's going to re-offend." *Id.* at 32. The court explicitly

- 8 -

stated its intention to impose a sentence beyond the aggravated range and reiterated:

> I don't do that lightly…. I am [deviating from the guidelines] today. It is extremely rare where I have a [d]efendant telling me in the PSI. Especially, especially with child pornography. He's telling me, one, what I did wasn't wrong. And he's giving me [an] indication he's going to do it again.

*Id.* at 34 (paragraph break omitted).

The record reveals that the trial court carefully considered the sentencing guidelines and the general standards articulated in section 9721(b) of the Sentencing Code. The trial court also contemplated all relevant sentencing factors and the information contained in the PSI. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (explaining that when the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Moreover, the court adequately articulated its reasons for imposing a sentence outside the guidelines. *See Garcia-Rivera*, 938 A.2d at 780. On review, we cannot conclude Appellant's sentence is unreasonable. This claim merits no relief.

In his second issue, Appellant asserts the trial court erred by denying his request to stay application of SORNA's registration requirements pending the Pennsylvania Supreme Court's review in *Torsilieri*. Appellant's Brief at

24. According to Appellant, "a high[] likelihood exists that SORNA will be found to be unconstitutional by the Pennsylvania Supreme Court." *Id.* at 26.

This Court has summarized the relevant background of *Torsilieri* as follows:

> [I]n July of 2018, "the Chester County Court of Common Pleas declared Subchapter H of SORNA unconstitutional as violative of several provisions of both the United States and Pennsylvania Constitutions." *Commonwealth v. Torsilieri*, 659 Pa. 359, 232 A.3d 567, 574-75 (2020). The Commonwealth appealed the decision to the Pennsylvania Supreme Court. *See id.* However, upon the record before it, the Court "was unable to conclude … whether the defendant had significantly undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions." *Id.* at 585. Therefore, the Supreme Court remanded the case to the trial court "to provide both parties an opportunity to develop arguments and present additional evidence in determining whether the defendant has refuted the relevant legislative findings supporting the challenged registration and notification provision of Revised Subchapter H." *Id.* at 596.
>
> Upon remand, the trial court conducted an evidentiary hearing in June of 2021, "at which both parties presented conflicting expert testimony." *See* 97 MAP 2022, Commonwealth's Statement of Jurisdiction, 9/19/22, at 4. Thereafter, on August 23, 2022, the trial court entered an order once again concluding that Revised Subchapter H of SORNA is unconstitutional, and granting the defendant's supplemental motion to bar application of SORNA. *See id.* at 1. The Commonwealth timely appealed to the Supreme Court, where the case is now pending. *See id.*

*Commonwealth v. Faison*, 297 A.3d 810, 836-37 (Pa. Super. 2023) (footnotes and brackets omitted).[6]

---

[6] Our Supreme Court heard argument in *Torsilieri* in May 2023. The *Torsilieri* Court has not yet rendered its decision.

- 10 -

In **Faison**, the appellant requested that the court stay his sexual offender registration requirements under SORNA, pending the Supreme Court's decision in **Torsilieri**.  **See id.** at 836.  This Court expressly rejected the appellant's claim, stating, "Subchapter H has not been declared unconstitutional by the Pennsylvania Supreme Court, and legislative enactments are presumed to be constitutional."  **Id.** at 837 (citation and quotation marks omitted).  We also observed that compliance with the registration requirements would not take effect until the appellant was released from prison—which, in the **Faison** appellant's case, would be at least 25 years.  **Id.**  Finally, this Court stated, "Should the Supreme Court declare Subchapter H unconstitutional in the future, [the a]ppellant may seek relief at that time."  **Id.** (citing **Commonwealth v. Lacombe**, 234 A.3d 602, 617-18 (Pa. 2020) (SORNA claims need not be raised pursuant to the Post Conviction Relief Act, and thus, are not subject to the Act's time constraints)); **see also Commonwealth v. Villanueva-Pabon**, 304 A.3d 1210, 1218 n.13 (Pa. Super. 2023) (stating that the appellant's challenge to SORNA's registration requirements could be raised again in the event our Supreme Court declares Subchapter H unconstitutional).

Instantly, we apply the reasoning set forth in **Faison**.  We emphasize the **Torsilieri** Court did not reach the merits of the underlying constitutional claims.  We discern no error or abuse of discretion in the trial court's denial of a stay.  We reiterate that if our Supreme Court ultimately declares Subchapter

- 11 -

H unconstitutional in **Torsilieri**, Appellant may seek relief at that time. **See Faison**, 297 A.3d at 837. However, Appellant is not entitled to relief at this juncture.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


2/13/2024